# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**LEONARDO KING-DE LEON**                                                **PETITIONER**

v.                                                              CIVIL ACTION NO. 3:23-cv-2987-KHJ-MTP

**WARDEN C. HARRISON**                                                   **RESPONDENT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Petition [1] for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Having considered the submissions of the parties and the applicable law, the undersigned recommends that the Petition be dismissed without prejudice.

## BACKGROUND

On December 14, 2020—following his conviction in the United States District Court for the District of Puerto Rico for importing a controlled substance into the United States in violation of 21 U.S.C. §§ 952(A), 960, and 963—Petitioner was sentenced to sixty months of incarceration. *See* [7-1] at 19. Petitioner is currently housed at the Federal Correctional Complex in Yazoo City, Mississippi. ("FCC Yazoo City").

On October 4, 2023, Petitioner filed the instant action under 28 U.S.C. § 2241 arguing that he has earned First Step Act time credits,[1] which the Bureau of Prisons ("BOP") has not applied to his sentence. *See* [1]. Respondent filed a Response [7] arguing, *inter alia*, that the Petition [1] should be dismissed because Petitioner failed to exhaust his administrative remedies prior to filing this action. Petitioner filed no reply.

---

[1] *See* 18 U.S.C. § 3632. The First Step Act provides eligible inmates with opportunities to participate in and complete recidivism reduction programs or productive activities which offer the inmates potential reductions in their sentences.

## ANALYSIS

Prior to seeking habeas relief pursuant to 28 U.S.C. § 2241, a federal inmate must exhaust his administrative remedies through the BOP. *Rourke v. R.G. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). "[P]roper exhaustion of administrative remedies is necessary," and the exhaustion requirement is not satisfied by "filing an untimely or otherwise procedurally defective grievance or appeal." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006); *see also Herrera-Villatoro v. Driver*, 269 Fed. App'x. 372 (5th Cir. 2008). There are exceptions to the exhaustion requirement, but these exceptions only apply in "extraordinary circumstances." *Broderick v. Chapman*, 364 Fed. App'x. 111, 112 (5th Cir. 2010). "'Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action.'" *Fuller*, 11 F.3d at 62 (quoting *Hessbrook v. Lennon*, 777 F.2d 999, 1003 (5th Cir. 1985)). A petitioner seeking waiver of the exhaustion requirement bears the burden of demonstrating the futility of administrative review. *Id*.

Respondent, citing 28 C.F.R. §§ 542.13-542.15, points out that the BOP has a multi-step administrative process for resolving prisoner complaints. Initially, an inmate must attempt to informally resolve the complaint with staff. Thereafter, the inmate must submit a request for administrative remedies to the warden. If the inmate is dissatisfied with the warden's response, he may appeal to the Regional Director. If the inmate remains dissatisfied, he may proceed to the final step of the grievance process, an appeal to the BOP's Office of General Counsel. *See* C.F.R. §§ 542.13-542.15.

Respondent submitted a declaration from Amy Landers, the paralegal specialist for the Consolidated Legal Center at FCC Yazoo City, stating that Petitioner failed to exhaust his administrative remedies. According to Landers, Petitioner submitted an initial request for administrative remedies, but after receiving a response to this grievance, he did not appeal to the Regional Director or the Office of General Counsel. *See* [7-1] at 2.[2] Petitioner admits that he did not exhaust administrative remedies. *See* [1] at 2.

For his part, Petitioner argues that an attempt at exhaustion would be futile. *See* [1] at 7. According to Petitioner, "the BOP is maliciously misinterpreting the clear text of the relevant statutes . . . ." *Id*. Petitioner notes that a deportable alien is ineligible for First Step Act time credits if he or she is subject to a final order of removal. *Id*. Petitioner argues that although he is a deportable alien, he is not subject to a final order of removal and, thus, qualifies for First Step Act time credits. *Id*.

As previously mentioned, the exhaustion requirement may be excused if "the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action.'" *Fuller*, 11 F.3d at 62. For example, in *Gallegos-Hernandez v. U.S.*, the United States Court of Appeals for the Fifth Circuit held that a prisoner challenging the constitutionality of a BOP regulation, which excluded aliens from participation in rehabilitation programs, was not required to exhaust administrative remedies before filing his habeas petition. 688 F.3d 190, 194 (5th Cir.

---

[2] The undersigned notes that Respondent provided a copy of Petitioner's grievance, but not the warden's response. *See* [7-1] at 9. However, even if Petitioner did not receive a response from the warden, such would not have prevented him from fully exhausting his administrative remedies. Pursuant to 28 C.F.R. § 542.18, if an inmate does not receive a response, he may consider the absence of a response to be a denial at that level. *See Buckley v. Pearsons*, 2011 WL 3022539, at *2 (S.D. Miss. May 25, 2011).

2012). The court explained "it would have been futile for him to make an administrative challenge seeking this relief from those who are charged to enforce the regulation." *Id*.

An inmate, however, must still exhaust a claim that the BOP "erred in its application of" statutes and regulations. *Id*. Such is the case here. "Unlike the petitioner in *Gallegos-Hernandez* . . ., [Petitioner] is not arguing in this case that the BOP's regulations or governing statutes are unconstitutional." *Aldaco v. Nash*, 2016 WL 407322, at *3 n.2 (W.D. Tex. Feb. 2, 2016).[3] Instead, Petitioner "is challenging the []BOP's denial of time credits based on his status as a deportable alien, and there is no indication that the []BOP's decision is not subject to challenge through the administrative review process." *Valencia v. Holzapfel*, 2024 WL 923200, at *2 (E.D.N.C Mar. 4, 2024) (holding that petitioner—an alien not subject to a final order of removal—must exhaust his claim that the BOP wrongfully withheld earned First Step Act time credits).[4] Thus, it is appropriate for the BOP to determine through the administrative process whether Petitioner is entitled to time credits.[5]

Petitioner has failed to demonstrate any extraordinary circumstances that would warrant waiving the exhaustion requirement. Accordingly, this action should be dismissed without prejudice so that Petitioner may utilize the available administrative remedies.

---

[3] Indeed, it appears that BOP regulations allow prisoners who are subject to immigration detainers to apply time credits to their sentence. *See Favelz-Gomez v. Birkholz*, 2023 WL 4155401, at *3 (C.D. Cal. June 8, 2023) (citing BOP Program Statement 5410.01).

[4] The undersigned notes Respondent's argument that Petitioner actually is subject to a final order of removal. This disagreement over a crucial fact demonstrates the importance of fully exhausting any administrative remedies. *See* [7] at 4; [7-1] at 1.

[5] Petitioner also states that he "is engaging the textual exception of exhausting his administrative [remedies] available in the Prison Litigation Reform Act of 1995 [("PLRA")] . . . ." *See* [1] at 7. The PLRA, however, does not apply to 28 U.S.C. § 2241 habeas proceedings. *See Davis v. Fechtel*, 150 F.3d 486 (5th Cir. 1998).

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that the Petition for Writ of Habeas Corpus [1] be DENIED and this action be DISMISSED without prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 16th day of April, 2024.

s/ Michael T. Parker<br>
United States Magistrate Judge